**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gordon Hall PEABODY, James Savio and**
**Michael George Avery,**
**Defendants-Appellants.**

**No. 79–5049.**

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 1980.

Mitchell Denker, Key West, Fla., Lewis S. Kimler, Alvin E. Entin, North Miami Beach, Fla., for defendants-appellants.

Gary J. Takacs, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GODBOLD, GEE and RUBIN, Circuit Judges.

GEE, Circuit Judge:

The Coast Guard cutter DURABLE observed a vessel on radar heading east-southeast in international waters 35 miles southwest of Charlotte Harbor, Florida. The DURABLE began to intercept and closed within two miles; the pursued vessel, a 40-foot sailboat named CARTE BLANCHE, with sails down and proceeding under motor power, then changed course to a northerly heading. The DURABLE increased

speed and gave instructions to halt and prepare for a safety and document inspection. The CARTE BLANCHE flew an American flag, and her hull indicated her home port was Nashville. No safety violations or irregularities were observed prior to boarding. Soon after boarding, Coast Guard personnel saw, in plain view through an open hatch, bales of a grass-like substance stacked floor to ceiling in the vessel's living quarters. Tests for THC proved positive, appellants were arrested, and 231 bales of marijuana weighing 15,000 pounds were seized.

Tried and convicted of conspiracy to import this marijuana, appellants urge upon us several points for reversal, many of which are settled by our recent decisions in *United States v. Frank Gunnar Williams,* 617 F.2d 1063 (5th Cir. 1980) (en banc), and *United States v. Warren,* 578 F.2d 1058 (5th Cir. 1978), to which we refer them. We write separately upon two points only.

■ Appellants assert that the Coast Guard intrusion on the CARTE BLANCHE was a mere pretext to search for contraband. The record indicates that the Coast Guard did no more than stop the CARTE BLANCHE and board it. Having done so, the presence of marijuana was immediately apparent to those who boarded. No general exploratory search was conducted; none was required to discover this contraband— which was in plain view. Though the district court did not explicitly rule that the search was not pretextual, such a ruling is implicit in its other rulings below; indeed, the record makes this sufficiently clear that we could so determine as a matter of law. The point is without merit.[1]

■ We reject also the suggestion that intent to import was not shown by sufficient evidence. It is not disputed that appellants' marijuana was bound for a United States berth. They were apprehended outside the country, heading in. Had their cargo of contraband originated in, say, Texas, that would not alter the fact that it was meant to re-enter the United States from international waters. That is enough.[2]

AFFIRMED.

---

**1.** I add, for myself alone, that I would not reach the issue of pretextual search. My reasons follow: It is the law of this circuit, declared by our court *en banc* and obtaining until reversed by higher authority, that the Coast Guard may board American flag vessels on the high seas under the authority of 14 U.S.C. § 89(a) to conduct safety and documentation inspections without probable cause or particularized suspicion. *United States v. Frank Gunnar Williams, supra; United States v. Warren, supra.* That is what DURABLE did in this case. Since she did only what she was authorized to do, courts of this circuit are not concerned with what hopes or expectations may have lain in her skipper's heart. Under *Williams, supra,* he had the right and the power to stop, board and inspect CARTE BLANCHE. He did so, and in the course of a proper inspection he discovered contraband in plain view. Had he taken unauthorized action, his good faith in doing so and the reasonableness of his belief that his actions were authorized would, if they occurred today, be relevant to our inquiry. *United States v. Jo Ann Williams,* 622 F.2d 830 [(5th Cir.1980)]. But since his actions were authorized ones, they are not.

**2.** Judge Rubin agrees that this opinion reflects the views of the circuit since the rendition of the opinion in *United States v. Williams,* 617 F.2d 1063 (5th Cir. 1980) (en banc). However, he still adheres to the views expressed in his concurring opinion in that case, pursuant to which a different result would be reached here.